**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

WASEEM DAKER,                            )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )            CV621-003
                                         )
TIMOTHY WARD, *et al.*,                  )
                                         )
            Defendants.                  )

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are *pro se* plaintiff Waseem Daker's Motion for
Access to Photocopying, doc. 3, Renewed and Supplemental Motion for
Access to Photocopying, doc. 4, and Motion to Expedite, doc. 5. For the
reasons explained below, the Motion to Expedite is **DENIED**. Doc. 5.
The Motion for Access to Photocopying and Renewed and Supplemental
Motion for Access to Photocopying should be **DENIED**. Doc. 3 & 4.

To the extent that his Motion to Expedite seeks expedited
disposition of his motions concerning photocopying it is **DENIED**, in
part, as moot. To the extent that it seeks expedited screening of his 86-
page complaint—which informs the Court he has filed "too many previous
lawsuits to remember," and invites the Court to "see PACER.gov or this

1

Court's docket[,] and other Court's dockets for more information," *see* doc. 1 at 2—it cites to no "supporting legal authorities," S.D. Ga. L. Civ. R. 7.1, that plaintiff is entitled to expedited screening. *See* doc. 5. The Court might construe the lack of legal authority as a request that the Court exercise its discretion. *See, e.g., Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable' authority to control their own dockets[,]" which "includes 'broad discretion in deciding how best to manage the cases before them.'" (citations omitted)). It declines to do so. Accordingly, Daker's Motion to Expedite, to the extent that it seeks expedited review of his Complaint pursuant to 28 U.S.C. § 1915A, is **DENIED** in part.

Daker's request for a preliminary injunction requiring Georgia Department of Corrections' employees to provide him with access to photocopies should be **DENIED**. In considering the same request, made in another case, the Court explained to Daker:

> The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). To be entitled to a preliminary injunction, a plaintiff must demonstrate: (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . . preliminary injunction would cause to the non-movant; and (d)

the . . . preliminary injunction would not be averse to the public interest.  Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements."  Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted).  Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2). Importantly, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kamiwitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV316-039, 2018 WL 1920171, at * 2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2302726 (S.D. Ga. May 21, 2018).

*Daker v. Bland*, CV620-090, doc. 31 at 2-3 (S.D. Ga. June 24, 2021) (Cheesbro, M.J.), *adopted* doc. 43 (S.D. Ga. July 20, 2021) (Baker, J.).

To be sure, the instant motion is not as tangential to the instant action, which at least involves Georgia Department of Corrections defendants, though not exclusively.  *Compare, e.g.,* CV620-090, doc. 31 at 3, *with* doc. 1.  However, the issue of photocopying is hardly central to this case either.  Daker's Complaint in this case is principally focused on

the constitutionality of GDC's "Tier Program." *See* doc. 1 at 15-80. Daker apparently concedes the photocopying related claims are not directly related as he asserts those claims, "are not joined under Fed. R. Civ. P. 20(a)(2), but instead . . . are properly joined under Fed. R. Civ. P. 18(a)." Doc. 1 at 13, ¶ 16. The propriety of that joinder will be considered when the Court screens the Complaint. However, the concession casts doubt upon whether preliminary injunctive relief would be appropriately entered.

The more significant, and ultimately dispositive, defect in Daker's request is, as Judge Baker and Magistrate Judge Cheesbro previously found: "Plaintiff has not shown a likelihood of success on the merits of his claim, irreparable injury, or even harm . . . ." That assessment was based upon the identical motion that Daker has filed in this case. *Compare* CV620-090, doc. 13 (S.D. Ga. Jan. 19, 2021), *with* doc. 3.

Even considered wholly independently, Daker's argument on the merits of his claim that denial of access to photocopies violates his right of access to the Court, while not frivolous, hardly establishes "a substantial likelihood of success on the merits" of that claim. *See* doc. 3 at 4-8; doc. 4 at 9-13. First, his argument relies almost exclusively on

out-of-Circuit authority. *See* doc. 3 at 4-6; doc. 4 at 9-11. It also requires distinguishing Eleventh Circuit authority. *See* doc. 3 at 6-7; doc. 4 at 11-13. It also ignores contrary authority. *See, e.g., Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox," and requiring showing that the copying policy is *both* unreasonable and impeding a prisoner's access to the courts). Finally, although he cites to Orders from the United States District Court for the Northern District of Georgia, none of those dispositions granted Daker the "extraordinary" relief of a preliminary injunction. *See Daker v. Ferrero*, 2004 WL 5459957, at * 3 (N.D. Ga. Nov. 24, 2004) (granting Daker's "Motion to Compel Copies"); *Daker v. Ferrero*, CV103-2481, doc. 39 at 8-11 (N.D. Ga. Nov. 24, 2004) (granting "Motion to Compel Copies," without analysis of preliminary injunction elements); *Daker v. Wetherington*, doc. 195 at 19-22 (N.D. Ga. Mar. 25, 2004) (granting "Motion to Compel Copies" without analysis of preliminary injunction elements).

Finally, it is not clear that the relief Daker requests, which would require an injunction permitting an indeterminate quantity of copies, limited only by the number of "legal documents—including supporting

evidence and exhibits," he chooses to file is "narrowly drawn, extend[ing] no further than necessary to correct the harm the court finds requires preliminary relief, [or is] the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Given Daker's well-established history of litigation, the limitation he proposes is effectively no limit at all. *See, e.g., Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278, 1281 (11th Cir. 2016) ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts.").

The Court does not dismiss Daker's argument that his right of access to the courts includes some, albeit perhaps limited, right of access to photocopying facilities. However, since Daker has failed to establish a substantial likelihood of success on the merits of his access to photocopies claim, or that the relief he seeks is narrowly tailored, as required in prisoner cases, the Court should exercise its discretion and **DENY** his request for a preliminary injunction. Docs. 3 & 4.

Although the Court should deny the preliminary injunction, the Court advises Daker that the Clerk of this Court will provide photocopies to any litigant of any paper filed at the rate of $0.50/page. If Daker is

6

concerned about having sufficient copies "to allow filing, service on opposing counsel, and one copy for [his] own records," doc. 4 at 15, he is free to request sufficient photocopies for those purposes by enclosing a cover letter making that request to the Clerk and tendering sufficient funds at the above rate.  To the extent that Daker requires copies of papers that he does not wish to file, he is free to file a "Motion for Copies," attaching the documents he wishes copied, and tendering sufficient funds for the copies at the above rate, and the Court will consider whether the Clerk should be directed to provide the copies.  If the Court determines that the request is not appropriate, the tendered fee will be returned to Daker.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of September, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA