UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,                )
                             )
       Plaintiff,            )
                             )
v.                           )      CV621-003
                             )
                             )
TIMOTHY WARD, *et al.*,      )
                             )
       Defendants.           )

## ORDER

*Pro se* prisoner Waseem Daker filed a 42 U.S.C. § 1983 Complaint alleging various constitutional violations "arising at Smith State Prison." (See doc. no. 1 at 1.) His Complaint, which he amended, (see doc. no. 30), was screened and dismissed pursuant to 28 U.S.C. § 1915A. (Doc. no. 38.) After the Court entered its Order dismissing Plaintiff's claims, he filed an Objection to the Magistrate Judge's prior Order on Plaintiff's Motion for Recusal, (doc. no. 42), two post-judgment motions discussed below, (doc. nos. 43, 44), a Notice of Appeal, (doc. no. 45), and a Second Amended Complaint (doc. no. 47).

Presently pending before the Court are Plaintiff's "Motion to Vacate January 4, 2023 Order and Judgment; Post Judgment Motion to Amend

Complaint," (doc. no. 43), and Plaintiff's "Fed. R. Civ. P. 60(b) Motion to Vacate May 10, 2022 Order (Doc. 15); Motion for Permanent Injunction, Preliminary Injunction, Or Temporary Restraining Order," (doc. no. 44).[1] The latter Motion references a prior attempt to obtain injunctive relief which was denied. (Docs. nos. 7, 15.) Plaintiff appealed this Court's denial of that request immediately after it was entered and the appeal is still pending. (*See* doc. nos. 15, 17.) Thus, Plaintiff's Rule 60(b) Motion asks the Court to vacate its denial of that motion and requests a post-judgment permanent injunction based on the same issues he raised in his original motion. (Doc. no. 44.) The former Motion pursues relief from final judgment, which Plaintiff has also appealed, (doc. no. 45), based on Federal Rules of Civil Procedure 59.

As to Plaintiff's request for the Court to reexamine his motion for injunctive relief under Rule 60(b), (doc. no. 44), the Eleventh Circuit has held that "district courts retain jurisdiction after the filing of an appeal to entertain and *deny* a Rule 60(b) motion" but may not *grant* a Rule 60(b)

---

[1] The Court acknowledges Plaintiff's "Objection" to the Magistrate Judge's Order, (doc. no. 42), but notes that orders on non-dispositive matters within the meaning of 28 U.S.C. 28 U.S.C. § 636(b)(1)(A), are set aside or modified by the district court only if "clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). Plaintiff's argument fails to meet this burden and his objection is overruled.

2

motion while the matter is pending on appeal. Mahone v. Ray, 326 F.3d 1176, 1179-80 (11th Cir. 2003) (emphasis added). "Rule 60(b) motions are directed to the sound discretion of the district court, and we will set aside the denial of relief from such motion only for abuse of that discretion." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996). Because the Court finds Plaintiff's arguments to be without merit, it is securely within its jurisdiction to deny his motions.

Daker's motion to Vacate the Court's May 10, 2022 Order only ostensibly moves under Rule 60. In reality, it simply realleges arguments previously made and rejected in this Court's denial of his Request for Preliminary Injunction. See Fed. R. Civ. P. 60 (allowing for relief from a final judgment, order, or proceeding; grounds for relief include mistake, newly discovered evidence, and fraud.). Plaintiff does not argue any of the enumerated circumstances listed in Rule 60 apply, so the Court construes his request as one falling under Rule 60(b)(6), which contains a catch-all ground: "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is an extraordinary remedy. See generally Klapprott v. United States, 335

U.S. 601 (1949); see also, e.g., Hased-El v. McCord, 2019 WL 5092476, at *3 (S.D. Ga. Oct. 10, 2019).

Plaintiff argues for his right to photocopying and references a post-judgment amendment to his Complaint which seeks to add claims of injury resulting from the prison's requirement that he use carbon paper and typing paper. (Doc. no 44 at 5-9.) These concerns do not justify reversal of the prior order; they merely reallege the same argument. (Doc. no. 4 at 2-4.) For the reasons originally articulated by the Magistrate Judge, (doc. no. 7 at 4 ("Plaintiff has not shown a likelihood of success on the merits of his claim, irreparable injury, or even harm.")), and ultimately adopted by the undersigned, (doc. no. 15), Plaintiff has not established that injunctive relief is warranted. Thus, his Rule 60(b) Motion to Vacate May 10, 2022 Order, (doc. no. 44), is **DENIED.**

As to Plaintiff's Rule 59(e) Motion, (doc. no. 43), seeking relief from the final judgment and to amend the Complaint, Federal Rule of Appellate Procedure 4 provides if a party files a notice of appeal after the court announces a judgment, but before the court disposes of a motion under Federal Rule of Civil Procedure 59 to alter or amend that judgment, then the notice becomes effective only after the court rules on

the Rule 59 motion. Fed. R. App. P. 4(a)(4)(B)(i); Odion v. Google, Inc., 1:13-CV-03906, 2014 WL 12647930, at *2 (N.D. Ga. Oct. 31, 2014) ("Under [Federal Rule of Appellate Procedure 4(a)(4)], the district court retains jurisdiction over properly filed Rule 59 and 60 motions—even if they were filed after a notice of appeal—until the trial court disposes of the last remaining of such motions.").

Rule 59 enables a district court to "rectify its own mistakes in the period immediately following" its decision, White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982), but not to address new arguments or evidence that the moving party could have raised before the decision. Banister v. Davis, ___ U.S. ___, 140 S. Ct. 1698, 1703 (2020); Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (holding that Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Indeed, the purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed

5

cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" <u>United States v. Bailey</u>, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

The Court dismissed this case on January 3, 2023 for two reasons. First, the Court held that Plaintiff's claims against GDC[2] Defendants were malicious, duplicative, and precluded by prior suits, and therefore dismissed those allegations with prejudice. (<u>See</u> doc. no. 38 at 24.) As to the allegations against the remaining SSP Defendants, the Court found Plaintiff's Amended Complaint to be an impermissible shotgun pleading and dismissed those allegations without prejudice. (<u>Id.</u>) Plaintiff's Motion to Vacate, (doc. no. 43), makes the following arguments that dismissal of his claims was error: (1) the dismissal of his Complaint *sua sponte* was improper because his Complaint is not frivolous and amendment would not be futile; (2) the "with prejudice" dismissal of GDC

---

[2] The Court incorporates Daker's naming conventions for Defendants as it did in its prior Order. The "GDC Defendants" includes Ward, Holt, Nix, Watson, Hogan, Koon, Toole, Stanton, McKinney, Ammons, Myrick, Crickmar, Shepherd, Barker, Lewis, Ioannou. Barren, and Turner, whom he has sued in individual and official capacities. (<u>See</u> doc. 38 at 2 (citing doc. 30 at 3).) The "SSP Defendants" include Adams, McFarlane, Epperson, Brown, Jarriel, Whitfield, Jackson, Martin, Cox, Hartmeyer, Osborn, Mosley, Ramos, Hill, Hawkins, Champion, Waycaster, Thomas, Milton, Roberts, Robinson, Schleicher, and Wright. (See *id.* (citing doc. 30 at 4-6).).

Defendants was in error; (3) his Amended Complaint is not a "shotgun complaint;" (4) dismissal without prejudice which is effectively with prejudice is erroneous; (5) Plaintiff's failure to comply with Court Order should be excused; and finally. Finally, Plaintiff argues that he should be allowed to amend his Complaint. (See generally, doc. no. 43.)

Daker's arguments are completely without merit and do not warrant reconsideration of the Court's prior Order. First, arguments 1, 3, 4 and 5 were already raised by Plaintiff in his Objections to the Magistrate Judge's Report and Recommendation and found meritless by the undersigned. (See doc. no. 28 at 2-16 (setting forth point 1); 18-24 (points 3 and 4); see also doc. no. 38 at 24.) Arguments 2 and 5 are old arguments masquerading as new ones.

Plaintiff argues that the Court "conced[ed]" that the Complaint is not frivolous because "it recognizes that at least some of 'Plaintiff's allegations constitute something more than de minimis acts." (Doc. no. 43 at 2-3 (quoting doc. no. 38 at 18); but see doc. no. 38 at 18 ("[E]ven when Plaintiff's allegations constitute something more than de minimis acts, he buries his potential claims within the hundreds of pages of filings where he also asserts other claims which are clearly impermissible,

duplicitous, and malicious."). The fact that he repeatedly articulates his arguments regarding Court rulings using this verbiage indicates that Plaintiff believes the Court is his adversary. Court orders are not debatable or concessional, and until a district court is directed to reexamine a holding by a higher Court, its orders are mandatory. Nevertheless, even if this argument validly refuted the Court's decision to dismiss Plaintiff's case, it does not rebut the actual holding. The excerpt quoted articulates the basis for finding his pleading impermissible, whether his allegations are with or without some semblance of or relation to a viable cause of action is irrelevant. Plaintiff has conflated the two problems (frivolity and pleading requirements), but the dismissal of Plaintiff's case on shotgun pleading grounds is sufficient justification for dismissal. In other words, the Court need not parse his shotgun complaint after finding it is impermissible even if he alleged something more than *de minimis* claims. Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations . . ..") (citations omitted); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018) (holding that tolerating claims that are overly

"time-consuming and even more of an undue tax on the Court's resources . . . constitutes toleration of obstruction of justice" and that "a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Similarly, Plaintiff renews his tired argument that this case is not duplicative of others because it is based on different and more recent incidents occurring on different dates, occurring after those prior cases at a different prison, and involving different state actors. (See doc. no 28 at 12-14.) That argument conflates the distinction between his different claims. As noted in this Court's prior Order, (doc. no 38 at 18), policy-based claims against GDC Defendants have been exhaustively litigated by Plaintiff in this Court and other courts, and they are separate from those that he may theoretically pursue should he choose to follow rules and restrictions, and discontinue his abusive litigation tactics. However, as stated above, a Rule 59(e) motion may not be used to relitigate old matters or repackage arguments already raised before the Court. He has done so here. Thus, this argument fails.

As to Plaintiff's argument that he should be excused from compliance with the Northern District of Georgia's Injunctive Order, the

9

Court is unpersuaded that Plaintiff lacks the ability to be (at the least) forthcoming regarding filing restrictions he is required to obey, or to do as directed by a federal district court and the Eleventh Circuit, notwithstanding his complaints about the Defendants' activity. Likely in an attempt to preemptively rebut his failures to comply, Plaintiff argues Defendants have prevented him from complying with the Order by denying him access to photocopying, and he lists what he references as "actual injuries." (Doc. no. 43 at 5-9.) Defendants' alleged actions are inconsequential to his ability to request copies of Orders from the Clerk's office in the Northern District of Georgia. As well, given Plaintiff's past vexatiousness, his failure to even acknowledge the filing injunction in his proceedings without additional Court directive indicates he had no intention of voluntary compliance, and that his continued refusal to comply has little to do with Defendants.

Regarding Daker's insistence that he is being deprived Court access because he is unable to comply with the injunction due to a lack of access to photocopies, the Court notes that he "made his bed." In a vacuum, limitation on access to the Courts might seem harsh. However, this issue is not decided in a vacuum. Daker v. Deal, 2020 WL 5792472, at *2 (N.D.

Ga. Aug. 4, 2020) ("This Court stresses that its imposition of filing limitations on Daker is not taken lightly or as a form of retribution."). Plaintiff's persistent abusive litigation is to blame for the circumstances in which he finds himself. The injunction was fairly imposed under the Court's duty to police its docket and protect itself from Daker's maliciousness. Though it may seem unfair to him that he faces difficulty in engaging in more abuse of the judiciary, it is surely—after over 10 years—necessary.[3]

Finally, Daker argues that though he may not have an available "amendment as a matter of course" argument post-judgment, "that is not the end of the inquiry because the district court had discretion to grant leave to amend even post-judgment, and that discretion should have been granted freely when justice so requires, even post-judgment." (Doc. 43 at 23.) "Denial of a motion to vacate, alter, or amend a judgment so as to permit the filing of an amended pleading draws the interest in finality of judgments into tension with the federal policy of allowing liberal

---

[3] See Daker v. Ward, 999 F.3d 1300, 1302 n. 1 (11th Cir. 2021) (noting Daker's serial filings predate his 2012 conviction and citing his 1996 conviction and ten-year sentence during which time he filed numerous actions in federal court, at least one of which involved similar challenges as those encountered here. (citing Daker v. Wetherington, No. 1:01-cv-3257 (N.D. Ga. filed Nov. 28, 2001).)).

11

amendments under the rules." <u>S. Constructors Grp., Inc. v. Dynalectric Co.</u>, 2 F.3d 606, 611 (5th Cir. 1993). While Rule 15 does not apply "once the district court has dismissed the complaint and entered final judgment for the defendant," requiring a plaintiff, post-judgment, to seek "leave to amend under Rule 59(e) or Rule 60(b)(6)," <u>Jacobs</u>, 626 F.3d at 1344–45 (internal quotation marks and citation omitted), Rule 15(a)'s lenient amendment standards still govern the Court's analysis. <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 n. 1 (5th Cir.1981); <u>Thomas v. Town of Davie</u>, 847 F.2d 771, 773 (11th Cir. 1988) (citing to <u>Dussouy</u>).

Even under the permissive Rule 15, leave amend is "not automatic." <u>Rourke v. Thompson</u>, 11 F.3d 47, 51 (5th Cir. 1993); <u>see also, e.g.</u>, <u>Faser v. Sears, Roebuck & Co.</u>, 674 F.2d 856, 859-60 (11th Cir. 1982). Amendment must be freely given only "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." <u>Rosen v. TRW, Inc.</u>, 979 F.2d 191, 194 (11th Cir.1992) (quoting <u>Foman v. Davis</u>, 371 U.S. 178 (1962)). While Daker may be "circling the net"

regarding what might constitute permissible pleadings, his amendment is properly denied because he has already been given ample opportunity to properly plead. Thus, his request to amend also provides no basis for post-judgment relief.

The "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Plaintiff has articulated no such reason. Instead, he doubled down on his allegations and submitted an Amended Complaint which did not correct the deficiencies previously pointed out to him by the Magistrate Judge, who was also not the first to warn him that his claims against the GDC Defendants were redundant and that his pleading style was impermissible. Even now, in his post-judgment motions, Daker still does not accept the Court's determinations regarding his filing deficiencies. In fact, he already appealed them. Thus, on the one hand, he argues that his original case was decided incorrectly, that his allegations against GDC Defendants are valid, that his pleadings are compliant or that his failures are excusable. On the other hand, he seeks

13

to "comply" with this Court's Order by submitting a post-judgment Second Amended Complaint, in which he removed allegations which this Court previously found to be meritless and edited the section of his Complaint which was impermissible. To be clear, the Court did not Order Plaintiff to amend his allegations. And though presenting alternate or even inconsistent theories of relief is permissible, Plaintiff provides no excuse for his tardy attempt at "compliance." See, e.g., Barmapov v. Amuial, 986 F.3d 1321, 1326 (11th Cir. 2021) (holding that district court properly dismissed second amended complaint with prejudice after litigant "squandered" the opportunity to correct deficiencies).

Amendment may be properly denied when the plaintiff attempts to replead issues post-judgment in a bad faith attempt to test his separate legal theories. Marchelletta v. Bergstrom, 752 F. App'x 724, 734 (11th Cir. 2018). Caselaw does not "countenance the old sporting theory of justice or the use of the federal courts as a forum for testing alternate legal theories *seriatim*." Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1042 (11th Cir. 2006). As he frequently does, Plaintiff again attempts to make his Complaint a moving target in a belated effort to salvage a lost case by presenting various new factual

allegations. For example, his Second Amended Complaint attempts to bring new claims against SSP officials regarding his access to photocopying and seeks to include new "actual injuries," including his alleged inability to comply with filing restrictions. (Doc. no. 43 at 6-8; 47 at 41-48.) Permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Marchelletta, 752 F. App'x at 734 (holding that one may not "test a legal theory on one set of alleged facts, lose and suffer an adverse judgment, and then use the first decision as a roadmap to alter the alleged facts, and then re-plead post-judgment."); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law.").

Yet another reason supports disallowing amendment. As noted previously, the basis for dismissal of this case was (in part) that Daker failed to comply with filing restrictions placed upon him by the Northern District of Georgia. (See doc. no. 38 at 23.) Application of Rule 15's liberal amendment policy would not mitigate Plaintiff's failure to comply with

the injunction. He has not simply failed to plead correctly, after all. He has blatantly disregarded filing restrictions. See Daker v. Deal, No. 1:18-cv-5243-WMR, doc. 57 (N.D. Ga. Aug. 4, 2020), aff'd sub nom. Daker v. Governor of Georgia, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). Simply amending a pleading does not correct this failure. Daker has not complied and should be enjoined not only from filing cases but also from simply amending pleading deficiencies and continuing his vexatiousness without adherence to or even acknowledgement of court directive unless forced on each filing occasion.

## CONCLUSION

Plaintiff's failure to point to any manifest error of law or fact, newly discovered evidence, manifest injustice, or intervening controlling law, the Court sees no reason to grant Plaintiff's post-judgment Motions. See Daker v. Bryson, 848 F. App'x at 885 ("We find no error in disallowing further amendments, even though the dismissal of Daker's amended complaint operated as a dismissal with prejudice."). Moreover, his request to amend his Complaint is denied on account of undue delay, repeated failure to cure deficiencies by amendments previously allowed, his bad faith attempts to test legal theories after his initial ones are found

lacking, and because he did not comply with filing restrictions imposed by the Northern District of Georgia months before he filed this case, a failure uncorrected via pleading amendment.

For all the foregoing reasons, Plaintiff's Rule 59(e) Motion to Vacate January 4, 2023 Order and Judgment, Post-Judgment Motion to Amend, (doc. no. 43), is **DENIED**. His Rule 60(b) Motion to Vacate May 10, 2022 Order, Motion for Permanent Injunction, Preliminary Injunction, or Temporary Restraining order, (doc. no. 44), is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of April, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT